**RODNEY R. BRADSHAW**
**704 Clay Street**
**Jetmore, Kansas 67854**
**620-357-1307**


## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS
### WICHITA DIVISION

| | | |
|---|---|---|
| **RODNEY R. BRADSHAW,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No.: 15-CV-001086-001** |
| | ) | |
| **BRUCE C. GATTERMAN, in his** | ) | |
| **individual and representative capacity,** | ) | **FIRST AMENDED COMPLAINT** |
| **KYLER KNOBBE, in his individual and** | ) | **JURY TRIAL DEMANDED:** |
| **representative capacity, CHARLES HERD,** | ) | |
| **in his individual and representative capacity,** | ) | |
| **RANDALL HENRY, in his individual and** | ) | |
| **representative capacity, CURTIS CAMPBELL,** | ) | |
| **in his individual and representative capacity,** | ) | |
| **MICHAEL HITZ, in his individual and** | ) | |
| **representative capacity JANICE BRADSHAW,** | ) | |
| **JOYCE BRADSHAW, CHERYL BUCKNER,** | ) | |
| **CAROL MIDDLETON, PAMELA BELL,** | ) | |
| **DEBRA WEAVER, CORELIA SUE JOHNSON,** | ) | |
| **WILBURN and BOBBIE BRADSHAW, MIKE** | ) | |
| **MacNAIR, SCOTT MacNAIR, RONALD RIDELY,** | ) | |
| **CRAIG CROSSWHITE, SCOTT KREGER,** | ) | |
| **DOUGLAS & BARBARA COSSMAN, ELIZABETH** | ) | |
| **SCHROEDER, ROBERT SCHROEDER, BRIT** | ) | |
| **SCHROEDER, MICHAEL GLEASON, MARCIA** | ) | |
| **SNODGRASS, FORD COUNTY STATE BANK,** | ) | |
| **HODGEMAN COUNTY, KANSAS JOHN & JANE** | ) | |
| **DOE 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMES NOW Plaintiff, RODNEY R. BRADSHAW, in pro per, and Complains of the**

**Defendants, each and every one of them, as follows:**

## JURISDICTION and VENUE:

1.    This matter is premised on 28 USC 1343(a)(3), 42 USC 1981, 42 USC 1983, 18 USC

1961, et seq., and this Court's pendant and ancillary jurisdiction to entertain state law

based claims in conjunction with causes of action premised on federal law.

## PARTIES:

2.    Plaintiff, **RODNEY R. BRADSHAW**, is a resident of Hodgeman County, Kansas.

3.    Defendant **BRUCE C. GATTERMAN**, is upon information and belief a resident of

Kansas and presently serves as the District Court Judge for Hodgeman County who is

sued in both his individual and representative capacity as a conscious co-conspirator

and party participant in the claims and causes of action set forth herein but said

defendant's exposure for liability is limited to injunctive relief due to the judicial

nature that said defendant serves in his representative capacity which is otherwise

protected by judicial immunity.  Said defendant can be served with the summons and

complaint in this matter at his official offices located at 500 Main, Jetmore, KS 67854

or wherever in the State of Kansas where the defendant may be found.

4.    Defendant **KYLER KNOBBE**, is, upon information and belief a resident of Kansas

and is a licensed attorney in the State of Kansas and is otherwise subjected to the

jurisdiction of this Court.  Said defendant can be served with the summons and

complaint in this matter at his offices located at 109 West Avenue "A", Cimarron, KS

67835.                                    .

5.    Defendant **CHARLES HERD**, is, upon information and belief a resident of Kansas

and is a licensed attorney in the State of Kansas and is otherwise subjected to the

jurisdiction of this Court.  Said defendant can be served with the summons and complaint in this matter at his offices located at 400 E. Walnut, Coldwater, KS 67029.

6.      Defendant **RANDALL HENRY**, is, upon information and belief a resident of Kansas and is a licensed attorney in the State of Kansas and is otherwise subjected to the jurisdiction of this Court.  Said defendant can be served with the summons and complaint in this matter at his offices located at 113 Broadway Ave., Sterling, KS 67579.

7.      Defendant **CURTIS CAMPBELL**, is, upon information and belief a resident of Kansas and is a licensed attorney in the State of Kansas and is otherwise subjected to the jurisdiction of this Court.  Said defendant can be served with the summons and complaint in this matter at his offices located at 222 South Main St., Cimarron, KS 67835.

8.      Defendant **MICHEAL HITZ,** is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his place of business located at Ford County State Bank, 322 Main Street, Spearville, KS 67876.

9.      Defendant **JANICE BRADSHAW**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence which is 1373 E. Oklahoma Ave., Ulysses, KS 67880 or wherever she may be found in the State of Kansas.

10.     Defendant **JOYCE BRADSHAW,** is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence

which is 801 Minneola Rd., Dodge City, KS 67801 or wherever in the State of Kansas that she may be found.

11.     Defendant **CHERYL BUCKNER**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence which is 1409 9th Avenue, Dodge City, KS 67801 or wherever in the State of Kansas that she may be found.

12.     Defendant **CAROL MIDDLETON**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence which is 226 Curtis Street, Hutchinson, KS 67502 or wherever she may be found in the State of Kansas.

13.     Defendant **PAMELA BELL**, is, upon information and belief, a resident of the State of Oklahoma and can be served with the summons and complaint at her residence which is 117 Payne St., Perkins, OK 74059.

14.     Defendant **DEBRA WEAVER**, is, upon information and belief, a resident of the State of Texas and can be served with the summons and complaint at her residence which is 164 Falcon Point Drive, Rockwell, TX 75032.

15.     Defendant **CORELIA SUE JOHNSON**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence which is 3605 N. Greenwich Rd., Wichita, KS 67230 or wherever she may be found in the State of Kansas.

16.     Defendants **WILBURN and BOBBIE BRADSHAW**, are, upon information and belief, residents of the State of Kansas and can be served with the summons and complaint at their residence which is 30950 NE "R" Road, Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

17.     Defendant **MICHAEL MacNAIR**, is, upon information and belief, a resident of the State of Kansas and a member of defendant Hodgemen County Commission who can be served with the summons and complaint at his official county offices which are believed to be located at 500 Main Street, Jetmore, Kansas 67854 or his residence which, upon information and belief is 24059 NW "X" Rd., Jetmore, Kansas 67854 or wherever he may be found in the State of Kansas.

18.     Defendant **SCOTT MacNAIR**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his residence which, upon information and belief is 24109 "X" Rd., Jetmore, Kansas 67854 or wherever he may be found in the State of Kansas.

19.     Defendant **RON RIDLEY**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his place of employment which, upon information and belief, is believed to be as follows: Norton Police Chief, 301 E. Washington Street, #3, Norton, Kansas 67654 or wherever they may be found in the State of Kansas.

20.     Defendant **CRAIG CROSSWHITE**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his place of employment which, upon information and belief is as the City Attorney for Ness City,

Kansas, which is located at 208 W. Main Street, Ness City Kansas 67560 or wherever they may be found in the State of Kansas.

21.   Defendant **SCOTT KREGER**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his residence which is 27497 NW "O" Rd., Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

22.   Defendants **DOUGLAS and BARBARA COSSMAN**, are, upon information and belief, residents of the State of Kansas and can be served with the summons and complaint at their residence which is 27060 SW "L" Road, Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

23.   Defendants **ELIZABETH SCHROEDER and ROBERT SCHROEDER,** are, upon information and belief, residents of the State of Kansas and can be served with the summons and complaint at their residence which is believed to be 27733 SW "L" Rd., Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

24.   Defendant **BRIT SCHROEDER** is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his residence which is believed to be 22192 NE 219 Road, Jetmore, Kansas 67854 or wherever he may be found in the State of Kansas.

25.   Defendant **MICHAEL GLEASON**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at his residence which is believed to be 16019 SW 210 Road, Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

26.     Defendant **MARCIA SNODGRASS**, is, upon information and belief, a resident of the State of Kansas and can be served with the summons and complaint at her residence which is believed to be 20854 SW 513 Road, Jetmore, Kansas 67854 or wherever they may be found in the State of Kansas.

27.     Defendant **FORD COUNTY STATE BANK**, is, upon information and belief, a financial institution organized and operating under the laws of the State of Kansas and can be served with the summons and complaint upon its President who is believed to be defendant Michael Hitz and whose address is believed to be 322 N. Main Street, Spearman, Kansas 67876 or wherever they may be found in the State of Kansas.

28.     Defendant **HODGEMAN COUNTY, KANSAS** is, upon information and belief, a duly organized and operating branch of Kansas State Government as a County having jurisdiction over those functions located in and serving the citizens of Hodgeman County, Kansas and can be served with the summon and complaint according to law upon a duly authorized agent, officer or employee of said Hodgeman County believed to be the County Clerk, Sarah Reins, whose address, upon information and belief is 500 Main Street, 1st Floor, Jetmore, Kansas 67854.

29.      Defendants **JOHN and JANE DOE 1-10** are sued fictitiously and when their true names and identities are ascertained, Plaintiff will amend his pleadings to reflect said discoveries.

**COMMON NUCLEUS OF OPERATIVE FACTS:**

30.     Decedent Paul Bradshaw passed on October 6, 2010 and appointed Plaintiff as the Executor of his will thereof (see Exhibit "A" attached hereto and incorporated herein by reference).

31.     In addition to the responsibilities imposed by the Will of the Decedent, Plaintiff was the lawful tenant under a valid real estate lease of certain property that was owned by the Decedent which contained specific provisions to insure that the property would remain under the direct control and direction of the Plaintiff, in the event of decedent's death (see Exhibit "B" attached hereto and incorporated herein by reference).

32.     That while properly executing the duties and responsibilities imposed upon Plaintiff as Executor of the Will referenced herein, the defendants, upon information and belief, the defendant sisters in conjunction with the defendant attorneys, herein undertook actions and efforts to wrongfully remove the Plaintiff as Executor and replace him with defendant Michael Hitz, who, as a co-conspirator became the principal person to execute and put in place the insidious conspiratorial objectives complained of herein which had the deleterious effects of destroying the intentions of the Decedent as contained in the will set forth in Exhibit "A" which also resulted in an obstruction of justice and violations of both State and Federal law as delineated further infra.

33.     These wrongful acts and misconduct commenced in this matter by way of the manipulation of a power of attorney that the decedent extended to defendants Pam

Bell (Pam), Carol Middleton (Carol) and Cheryl Buckner (Cheryl) who are all sisters of the Plaintiff.

34.    At the time of the POA appointment, the decedent did not know that his daughters lacked the required knowledge and expertise to run and properly manage his farming interests and in 2008 removed said persons and extended the power of attorney over all of his holdings real and personal, to the Plaintiff along with the primary responsibility for handling all medical decisions related to the health of the decedent.

35.    In addition to the foregoing, decedent and Plaintiff entered a ten (10) year lease agreement for the farm lands that were owned by the decedent (See Exhibit "B" attached hereto and incorporated herein by reference).

36.    Plaintiff had rented farm land from the decedent for a total of seventeen (17) years prior to the execution of the lease contained in Exhibit "B" and this fact is well known to all parties to this action.

37.    Other children of the decedent, in particular defendants Pamela Bell, Carol Middleton, Cheryl Buckner, Janice Bradshaw and Joyce Bradshaw voiced their objections but were all overruled by the decedent who was of sound mind and body at the time that the POA was extended to Plaintiff as well as the lease agreements and appointment of Plaintiff and Pam Bell as co-executors over the decedent's will.

38.    After the passing of the decedent, Plaintiff and the co-executor were properly issued Letters of Testamentary by the Court on or about December 17, 2010.

39.    Said Plaintiff and Co-Executor were lied to and deceived by defendant attorneys KNOBBE, HERD, HENRY AND CAMPBELL (hereinafter referred to as "defendant attorneys") who had improperly determined and developed the conspiratorial nexus

and strategy to wrongfully remove Plaintiff and the co-executor appointed by the decedent and replace them with defendant HITZ, a fellow co-conspirator who, upon information and belief, had previously worked on the improper manipulation and pilfering of other estates within the Hodgeman County Judicial District with said defendant attorneys.

40.     From the time that defendant attorneys KNOBBE, CAMPBELL, HENRY and HERD with defendant HITZ and in conjunction with defendant GATTERMAN were in place, they undertook a conscious and deliberate pattern and practice to illegally and improperly manipulate and misuse the Probate Processes of the State of Kansas through the implementation of legal strategy and maneuvering which defendant GATTERMAN, as a conscious and willing co-conspirator participant, would approve in his official capacity as the Judge overseeing and presiding over the Probate case that involved the Plaintiff herein.

41.     That, upon information and belief, Plaintiff thereon alleges that defendants KNOBBE, CAMPBELL, HENRY, HERD, HITZ and GATTERMAN have been engaged in the improper administration of Probate Estates for an extended period of time where the ultimate intention of the decedent is disregarded and the fees and expenses of the administration of the estate, more often than not, ends up in the coffers of the defendants named herein through the decisions, orders, opinions and judgments that are entered into the official probate records by defendant GATTERMAN through the misuse of his official position.

42. That the first objective of the conspiracy between said defendants, each and all of them, was the improper removal of the Plaintiff, in particular, as the executor of the estate of the decedent.

43. This was accomplished by the lies and deceitful misconduct by the defendant attorneys who made material misrepresentations of fact and law to cajole and convince Plaintiff that his removal as executor was imminent and unavoidable.

44. That upon information and belief, these lies and misrepresentations of fact were made by said defendant attorneys because they had already acquired the agreement by defendant GATTERMAN that the motion to replace Plaintiff would be granted by the Court.

45. Consistent with the allegations contained herein, defendant GATTERMAN granted the requested relief of defendant attorneys to remove Plaintiff and, pursuant to the conspiratorial strategy of the defendants, appointed defendant HITZ as the administrator of the Estate of the decedent, upon information and belief, in furtherance of the conspiratorial objectives and in violation of Kansas law.

46. Other examples of the misconduct of the defendants include but are not limited to the items of concern that are contained in Exhibit "C" attached hereto and incorporated herein by reference.

47. At all times complained of herein, upon information and belief, defendants JANICE BRADSHAW, JOYCE BRADSHAW, CHERYL BUCKNER, CAROL MIDDLETON, PAMELA BELL, DEBRA WEAVER and CORELIA SUE JOHNSON, ratified, agreed and approved of the improper acts of deceit, manipulation and misconduct, legal and professional, that defendants KNOBBE,

CAMPBELL, HENRY, HERD, HITZ and GATTERMEN originated and implemented to improperly take, misappropriate and deplete assets of the Estate of the decedent, all defendants were then and continue to be, the agents of each other in all acts complained of herein.

48.   That, upon information and belief, each and every step taken in the handling of the probate of the Estate of the decedent complained of herein was done in a manner that accomplished the conspiratorial objectives that was developed, deployed and executed by defendants KNOBBE, CAMPBELL, HENRY and HERD with defendant HITZ and in conjunction with defendant GATTERMAN acting in his official capacity as the presiding Judge and fellow co-conspirator.

49.   That as a direct result of the conspiratorial objectives and  misconduct of the defendants herein, Plaintiff was compelled to pay $264,000.00 in falsely assessed penalties and related costs in addition to the derogation of the land that he held a valid lease on for ten (10) years which appears to violate K.S.A. §16-102.

50.   That other aspects of the conspiratorial objective took the form of inappropriate rulings by defendant GATTERMAN which improperly split the land that formed part of the lawful tenancy set forth in the lease contained in Exhibit "B" which allowed for the other defendant sisters to sell off or rent portions of the land that was rightfully in possession of the Plaintiff consistent with and pursuant the valid lease referenced herein.

51.   That defendants Wilburn and Bobbie Bradshaw acquired part of the property from defendant HITZ at a price that was not for fair value to the estate and which Plaintiff seeks the recovery thereof from said defendants.

52.   That defendants Mike and Scott MacNair also acquired a parcel of the property by way of a lease from one of the other defendants that was contained in the lease set forth in Exhibit "B" and for which Plaintiff seeks the recovery thereof from said defendants.

53.   That defendants Mike Gleason and Marcia Snodgrass are believed to be leasing a portion of the land, upon information and belief, at a price that may be below market value, that was contained in the lease set forth in Exhibit "B" and for which Plaintiff seeks the recovery thereof from said defendants.

54.   That upon information and belief, Douglas and Barbara Cossman purchased their property from defendant Elizabeth Schroeder, who is also the mother of defendant Barbara Cossman, Defendant Schroeder conveyed that part of the property that was contained in the lease set forth in Exhibit "B" and for which Plaintiff seeks the recovery thereof from said defendants.

55.   That upon information and belief, defendants Elizabeth, Robert and Bret Schroeder are or were previously in possession of a part of the land that was contained in the lease set forth in Exhibit "B" which was acquired from the improper and illegal award from Defendant Gatterman discussed in other paragraphs herein.  Further, upon information and belief, said defendants knew or should have known of Plaintiff's interest in said land and for which Plaintiff seeks recovery of same from said defendants or in the alternative the tracking of whomever said defendants may have transferred and/or conveyed said property to so that a constructive trust may be imposed for the reclamation of said property or the recovery by Plaintiff of the full fair market value of same.

56.   That defendant Scott Kreger is in possession of a part of the land contained in Exhibit "B" and for which Plaintiff seeks the recovery thereof from said defendant.

57.   That another aspect of the conspiratorial objective took place through the intentional filing of a false police report by defendant Janice Bradshaw with the former Sheriff of Hodgeman County, Kansas, defendant Ron Ridley and the initiation of a malicious prosecution of the Plaintiff by defendant Craig Crosswhite when both defendant Ridley and defendant Crosswhite, knew, or should have known that defendant Janice Bradshaw was lying in all aspects of the false police report that she filed and that no criminal prosecution should have been initiated.

58.   Said false police report was filed in an attempt to have Plaintiff incarcerated as part of the conspiratorial strategy to have Plaintiff removed as executor of decedent's estate complained of in this matter.

59.   That defendant Ford County State Bank has willingly allowed the banking mechanisms, policies, procedures and practices to be used by defendant HITZ, who presently serves as the President of said defendant Bank, and other defendants for the processing of financial transactions related to the pilfering of the estate of decedent Paul Bradshaw and related financial mismanagement and fraud.

60.   That defendants Crosswhite, Ridley, Commissioner Michael (Mike) McNair, GATTERMAN and others have engaged in their illegal conspiratorial acts while serving in their official and semi-official capacities on behalf of Hodgeman County, Kansas in violation of 4 U.S.C. §1983 and related federal and state statutory violations.

## COUNT I

## RICO VIOLATIONS

Plaintiff repeats and re-alleges paragraphs 1 through 60, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

61.     At all relevant times, Defendants herein were "persons" within the meaning of RICO 18 USC 1961(3) and 1962(c).

62.     At all relevant times, upon information and belief, the defendant parties formed an association in fact for the purpose of engaging in the conduct complained of herein and this association in fact was and is an "enterprise" within the meaning of RICO 18 USC 1961(4).

63.     At all relevant times, this enterprise comprised of the defendants herein, was engaged in, and its activities affected interstate commerce, within the meaning of RICO 18 USC 1962(c).

64.     At all relevant times the defendants herein and others presently unknown to Plaintiff, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18 USC 1961(5) in violation of RICO, 18 USC 1962(c).

65.     Specifically, at all relevant times, defendants and the other co-conspirators, presently unknown to Plaintiff, engaged in "racketeering activity" within the meaning of 18 USC 1961(1) by engaging in the acts set forth above.  The acts set forth above constitute a violation of one or more of the following statutes: KSA 21-6501, the state law extortion statute as set forth in RICO 18, USC 1961 (1)(A);18 USC 1341 (mail

fraud); 18 USC 1343 (wire fraud); 18 USC 1344 (financial institution fraud); 18 USC
1503 (obstruction of justice); 18 USC 1513 (retaliating against a witness, victim or
informant); 18 USC 1951 (interference with interstate commerce and extortion).

66.  In addition all of the said defendants are in violation of several Kansas Statutes such
as KSA 21.3818 false reporting of a crime as committed by Defendant Janice
Bradshaw and prosecuted in the Court where defendant GATTERMAN was
presiding.

67.  Upon information and belief, Defendant GATTERMAN, through utilization of his
respective offices, staff and influence, with the assistance and participation of
defendant attorneys, all in violation of their oaths of office and duties as officers of
the Court and in violation of Kansas State Bar Rules of Professional Conduct, each
committed and/or aided and abetted the commission of two or more of these acts of
racketeering activity.

68.  The acts of racketeering activity referred to herein constitutes a "pattern of
racketeering activity" within the meaning of RICO, 18 USC 1961(5).  The acts
alleged were related to each other by virtue of common participants, common victim
and a common method of commission, having as the common purpose and common
result of extorting money through the unconstitutional utilization of the Probate
Division of the State civil judicial process to pilfer, divert and otherwise deplete
Estates of decedents in the Judicial District presided over by defendant
GATTERMAN which violates the U.S. Constitutional Due Process Clause of the 14th
Amendment.

69. The pattern of racketeering activity has continued, unabated, since its inception and is threatened to continue longer but for the institution of this action to enjoin the constitutionally impermissible conduct of the defendants herein.

70. The Plaintiff has been and continues to be irreparably damaged by the acts and conduct complained of herein at the hands of defendants.

## COUNT II

## RICO CONSPIRACY

Plaintiff repeats and re-alleges paragraphs 1 through 70, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

71. At all relevant times, Plaintiff was a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

72. At all relevant times, all of the defendants, were a "person" within the meaning of RICO, 18 USC 1961(3) and 1964(c).

73. At all relevant times, upon information and belief, defendants had formed an association-in-fact for the purpose of engaging in the conduct complained of herein. This association-in-fact was and is, an "enterprise" within the meaning of RICO, 18 USC 1962(c).

74. As set forth in paragraphs 17 through 36, all of the defendants, individually and collectively, associated with this enterprise and conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a "pattern of racketeering activity" within the meaning of RICO, 18, USC 1961(5), in violation of RICO, 18 USC 1962(c).

75.    At all relevant times, defendants and other co-conspirators, presently unknown to Plaintiff, were each and all associated with the enterprise and agreed and conspired to violate 18 USC 1962, that is, all defendants agreed to conduct and participate, directly and/or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, in violation of 18 USC 1962(d).

76.    Defendants and their unknown co-conspirators, committed and caused to be committed a series of overt acts in furtherance of the Conspiracy and to affect the objects thereof, including but not limited to the acts set forth above and below.

77.    The conduct of the defendants and their unknown co-conspirators, has had an adverse effect on interstate commerce and the Plaintiff has directly suffered irreparable harm and damage as the direct result and proximate cause thereof.

## COUNT III

## DEPRIVATION OF CIVIL RIGHTS

## 42 USC 1983

Plaintiff repeats and re-alleges paragraphs 1 through 77, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

78.    That the actions of defendant GATTERMAN were undertaken under color of Kansas Law.

79.    That said actions by defendant GATTERMAN, has deprived the Plaintiff of rights, privileges and immunities protected by the Constitution and laws of the United States of America.

80.     This Court has jurisdiction over this action under 28 USC 1343(a)(3) for violations of constitutional rights as provided for in 42 USC 1983.  Plaintiff seeks injunctive relief and monetary damages.

81.     Plaintiff seeks redress for violation of his right pursuant to the Fourth Amendment of the United States Constitution, to be free from illegal seizures; the Plaintiff's right to be free from harassment and intimidation by the Hodgeman County Sheriff's Office, District Attorney and the Courts presided over by defendant; the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provided for by the United States Constitution and the Plaintiff's rights to due process of law as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

## COUNT IV

## 42 USC 1981 VIOLATION:

Plaintiff repeats and re-alleges paragraphs 1 through 81, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

82.     That the actions of defendants herein violates the "equal rights under the law" provisions of 42 USC 1981 in that Plaintiff is being denied the full and equal benefit of all laws and proceedings for the security of persons as is enjoyed by white persons and further, Plaintiff is being subjected to punishment, pains and penalties in excess of that accorded to white citizens of the state that are similarly situated impermissibly based on Plaintiff's race.

## COUNT V.

## ABUSE OF PROCESS:

Plaintiff repeats and re-alleges paragraphs 1 through 82, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

83.     That the intentional acts of misconduct complained of herein constitutes the knowingly illegal or improper use and manipulation of legal process which was engaged in by the defendants herein to harass and cause hardship to the Plaintiff which resulted in severe and substantial damage to the Plaintiff for which the actions of the defendants herein are the sole and proximate cause thereof.

## COUNT VI

## TORTIOUS INTERFERENCE:

Plaintiff repeats and re-alleges paragraphs 1 through 83, as if fully set forth herein in full and further complains of the defendants, each and all of them, as follows:

84.     Plaintiff had a valid and binding lease for certain real property for a ten (10) year period on terms and conditions contained therein.

85.     That all defendants herein were aware and had personal knowledge of the existence of said lease contract.

86.     That the defendants herein procured a breach of the terms and conditions of said lease contract.

87.     That said defendants had no legal right or justification to interfere or precipitate the breach thereof.

88.     Plaintiff has been severely and substantially damaged as the direct and proximate cause of the defendant's actions complained of herein.

**WHEREFORE**, Plaintiff prays for judgment against the defendants herein as follows:

a.  That Process Issue according to Law; and

b.  That Plaintiff be granted an injunction against any further orders, judgments or rulings in any case of which the Plaintiff is involved by defendant GATTERMAN.

c.  Damages against the defendants in amount not less than seven million ($7,000,000) dollars and then multiplied by three as required by the RICO statutes on Count I; and

d.  Damages in an amount not less than seven million ($7,000,000) dollars on Count II; and

e.  Damages in an amount not less than seven million ($7,000,000) dollars on Count III; and

f.  Damages in an amount not less than seven million ($7,000,000) dollars on Count IV with a determination of punitive damages in an amount not less than determined by an impartial jury;

g.  Damages in an amount not less than seven million ($7,000,000) dollars on Count V; and

h.  Damages in an amount not less than seven million ($7,000,000) dollars on Count Vi; and

i.  The return of all lands taken by way of the wrongful actions occasioned by the improper actions of the defendants herein; and

j.  The return of the $264,000 that was wrongfully taken from Plaintiff by defendants; and

k.  Costs associated with the prosecution of this action; and

l.  Plaintiff Demands a Jury Trial on all factual issues; and

m.  Any and all other relief that this Court determines is just and proper.

DATED this 24ᵗʰ day of April, 2015.

Respectfully submitted,

/s/
_____
Rodney R. Bradshaw
Plaintiff Pro Se

704 Clay Street
Jetmore, Kansas 67854
620-357-1307


**VERIFICATION**:

I, **RODNEY R. BRADSHAW**, do hereby verify that I caused the foregoing Complaint to be

drafted and that I have reviewed same and further verify that said allegations are true and

accurate based on my own personal knowledge except as to those matters alleged upon

information and belief and as to those matters, I have a valid good faith basis to assert same as

true.

Dated this 24ᵗʰ day of April, 2015

/s/
_____
**Rodney R.  Bradshaw**