# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RODNEY R. BRADSHAW, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-1086-MLB |
| BRUCE C. GATTERMAN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's separate motions to disqualify both attorney Kyler Knobbe (ECF No. 87) and attorney Curtis Campbell (ECF No. 96) and his request for oral argument on both motions.  For the reasons stated below, plaintiff's motions are DENIED.

## Background[1]

This case stems from a hotly disputed estate contest in Hodgeman County, Kansas which has apparently embroiled this family in dispute for the past five years.  In October 2010, plaintiff's father, Paul Bradshaw, passed away and plaintiff was named as an administrator of his father's will and a lessee of a considerable amount of his father's farmland.  After the estate case was filed, the apportionment of the estate became a great source of conflict between plaintiff and his seven sisters, and plaintiff was eventually

---

[1] The facts in this section are taken from plaintiff's Complaint (ECF No. 1) and Amended Complaint (ECF No. 3) and from the defendants' motions to dismiss and supporting memoranda (*infra* note 2).  This background information should not be construed as judicial findings or factual determinations.

removed as administrator. During the fight over the estate, a criminal case was filed against plaintiff in 2011 for an assault on one of his sisters, for which he pled guilty, was convicted, and completed a one-year probation sentence. That sister also filed a civil case against him regarding the same incident. After nearly three years of controversy between plaintiff and his sisters, the estate case ended with a family settlement in September 2013. Although he participated in that settlement agreement, plaintiff later petitioned to have it set aside and was unsuccessful.

In this federal lawsuit, plaintiff now claims: 1) the defendants—including his sisters, the district court judge, multiple attorneys, law enforcement officers, a bank through which the estate was handled, a county commissioner, and later lessees of the farmland—colluded to wrongfully remove him as executor and to deprive him of the farmland leased to him by his late father; 2) the attorneys along with the district judge, also defendants, are engaged in the improper administration of probate estates through which they receive profits; and 3) his 2011 criminal prosecution was without probable cause and pursued for malicious purposes. Plaintiff also alleges various violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO"); deprivation of his civil rights under 42 U.S.C. § 1983; denial of his equal rights as prohibited by 42 U.S.C. § 1981; and state law claims of abuse of process, tortious interference and malicious prosecution.

All defendants filed motions to dismiss and currently, 12 dispositive motions are

pending before the court.[2]  The 30-plus defendants seek dismissal on multiple bases, including jurisdictional bars such as the *Rooker-Feldman* doctrine,[3] the *Heck* doctrine,[4] Eleventh Amendment immunity, and expiration of the statute of limitations.  Defendants argue plaintiff's claims are barred by res judicata, prosecutorial and qualified immunity, and also seek dismissal alleging plaintiff's failure to state a claim under Fed. R. Civ. P. 12 (b)(6).  Defendants largely contend this case is merely an attempt to relitigate the cases which have already been resolved by the state courts.

## I.     Plaintiff's Motion to Disqualify Attorney Kyler Knobbe (ECF No. 87)

Plaintiff asks that attorney and named defendant Kyler Knobbe be disqualified from representing any other defendant in this matter, aside from himself.  He argues that because Mr. Knobbe is a named defendant and represents 15 other defendants—including plaintiff's family members, the local bank, and some lessees of the farmland—his

---

[2] See Mot. to Dismiss by Barbara Cossman, Douglas Cossman, Scott Kreger, Michael MacNair, Scott MacNair, Brit Schroeder, Elizabeth Schroeder, and Robert Schroeder, ECF No. 10; Mot. to Dismiss by Craig Crosswhite, Hodgeman County, Kansas, Michael MacNair, and Ronald Ridley, ECF No. 40; Mot. to Dismiss by Bobbie Bradshaw and Wilburn Bradshaw, ECF No. 42; Mot. to Dismiss by Ford County State Bank and Michael Hitz, ECF No. 46; Mot. to Dismiss by Curtis Campbell and Kyler Knobbe, ECF No. 50; Mot. to Dismiss by Marcia Snodgrass, ECF No. 61; Mot. to Dismiss by Janice Bradshaw and Joyce Bradshaw, ECF No. 70; Mot. to Dismiss by Randall Henry, ECF No. 75; Mot. to Dismiss by Michael Gleason, ECF No. 78; Mot. to Dismiss by Charles Herd, ECF No. 80; Mot. to Dismiss by Cheryl Buckner, Corelia Sue Johnson, and Carol Middleton, ECF No. 82; Mot. to Dismiss by Bruce Gatterman, ECF No. 92.

[3] The *Rooker -Feldman* doctrine prohibits a federal district court from hearing "cases brought by state court losers complaining of injuries caused by state court judgments" or claims that are "inextricably intertwined" with a state court judgment. Defs.' Mem. Supp., ECF No. 41 at 7 (citing *Rooker v.Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923)).

[4] The *Heck* doctrine provides that if a "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Buchanan v. City of Topeka, Kan.*, No. 13-2615-EFM, 2014 WL 3734184, at *3 (D. Kan. July 29, 2014) (citing *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)). Defs.' Mem. Supp., ECF No. 41. at 7.

individual interests are in conflict with those of his clients. Plaintiff asserts that Mr. Knobbe was involved in the alleged racketeering between the district court judge and other attorneys and may be called as a witness. He also requests all motions to dismiss and discovery motions[5] filed by Mr. Knobbe on behalf of any other defendants be stricken from the record.

## Standard

Plaintiff asserts that Kansas Rule of Professional Conduct 1.7 mandates the disqualification of Mr. Knobbe. The court agrees that this rule provides the applicable standard to the current motions, and D. Kan. Rule 83.6.1 specifically adopts the KRPC for application in this court.

KRPC 1.7 addresses conflicts of interest regarding an attorney's current clients. The rule states:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>> (1) the representation of one client will be directly adverse to another client; or
>> (2) there is a substantial risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

---

[5] Multiple motions by defendants to stay discovery have been granted by the court's previous Order, ECF No. 86, filed July 6, 2015.

> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives informed consent, confirmed in writing.

Comment 8 to KRPC 1.7 notes:

> Even where there is no direct adverseness, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests. . . . ***The mere possibility of subsequent harm does not itself require disclosure and consent.*** The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client.

(emphasis added).

## Analysis

Mr. Knobbe argues that his interests are not in conflict with his clients' interests; in fact, all defendants have now filed motions to dismiss based upon many of the same arguments described above. No cross-claims have been filed and all defendants' interests appear aligned.

At this time, given the current alignment of the defendants' positions, the mere possibility that Mr. Knobbe's interests may eventually diverge from that of his clients is not sufficient to warrant disqualification.[6] The court finds that a "substantial risk" as contemplated by KPRC 1.7(a)(2)) does not *currently* exist. Common representation of

---

[6] KRPC 1.7, Comment 8.

5

codefendants is "permissible where the clients are generally aligned in interest even though there is *some* difference in interest among them."[7] Even if the court were to find a current conflict exists, such conflict is waivable under KRPC 1.7(b).

Because the court finds Mr. Knobbe's interests as a defendant and the interests of his codefendant clients are not currently in conflict nor is conflict particularly foreseeable, his representation of those defendants is not prohibited by KPRC 1.7. This ruling is not static, however—if this case survives dispositive motions, the interests of all defendants may not remain aligned. In his Response, Mr. Knobbe offers to withdraw and allow other defense counsel to represent his current clients if the case survives dispositive motions and he is named as a potential trial witness.[8] The court notes that plaintiff filed no reply in opposition to Mr. Knobbe's suggestion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to disqualify attorney Kyler Knobbe (**ECF No. 87**) is **DENIED** without prejudice to refiling in the event that the case survives dispositive motions and the interests of the defendants change.

**IT IS FURTHER ORDERED** that the court in its discretion denies plaintiff's request for oral argument and denies his request that any motions filed by Mr. Knobbe on behalf of other defendants be stricken from the record.

## II.   Plaintiff's Motion to Disqualify Attorney Curtis Campbell (ECF No. 96)

---

[7] KRPC 1.7, Comment 28.
[8] Def. Knobbe's Resp., ECF No. 97 at 2.

Plaintiff asks that Curtis Campbell be disqualified from representing any other defendant in this matter, aside from himself, and that all motions to stay discovery[9] and motions to dismiss filed by Mr. Campbell be stricken from the record. However, the docket reflects that Mr. Campbell is not acting as an attorney in this case; in fact, he is represented by counsel. Therefore, plaintiff's motion to disqualify attorney Curtis Campbell is **DENIED AS MOOT**.

**IT IS THEREFORE ORDERED** that plaintiff's motion to disqualify attorney Curtis Campbell (**ECF No. 96**) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 8th day of September 2015.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[9] Multiple motions by defendants to stay discovery have been granted by the court's previous Order, ECF No. 86, filed July 6, 2015.