IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

RODNEY R. BRADSHAW,  )
                    )
         Plaintiff, )  **CIVIL ACTION**
                    )
v.                  )  No.  15-1086-MLB
                    )
BRUCE GATTERMAN, et al.,  )
                    )
         Defendant. )
                    )

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motions to dismiss.  (Docs. 10, 40, 42, 46, 50, 61, 70, 75, 78, 82, 92).  The motions have been fully briefed and are ripe for decision. (Docs. 11, 41, 43, 47, 51, 62, 71, 76, 79, 81, 83, 93, 99, 100-04).  Defendants' motions are granted for the reasons herein.

**I.   Facts**[1]

Plaintiff's father, Paul Bradshaw, died on October 6, 2010, leaving a will which divided his assets equally among plaintiff and his seven sisters, all of whom are named as defendants.  During the state proceedings[2], there were several allegations concerning plaintiff's improper handling of the decedent's assets while he was living.  On February 16, 2011, plaintiff was charged in Hodgeman

---

[1] The facts recited herein are largely obtained from the judicial records in the state proceedings.

[2] There were two state court actions concerning the probate estate.  There was an action initiated in probate court to open the estate, In re Estate of Paul I Bradshaw Sr., Hodgeman County Case No. 10PR16, and a civil action brought by the estate against plaintiff, Estate of Paul I Bradshaw v. Rodney Bradshaw, Hodgeman County Case No. 11CV12.  The court will refer to both cases as the "state proceedings."

County, Kansas, with causing bodily harm to his sister, defendant Janice Bradshaw. Plaintiff entered an Alford plea of guilty on March 28, 2012. Plaintiff was sentenced to 90 days in jail. Plaintiff alleges that the police report was false and that the individuals involved in his prosecution, the sheriff and prosecutor, who are named as defendants, knew that Janice Bradshaw was lying. Plaintiff alleges that the criminal prosecution was initiated so that plaintiff could be removed as the executor of his father's estate.

The state court held a trial in May 2013. After three days of trial, the parties agreed to enter into a settlement agreement. On May 23, 2013, the settlement agreement was read into the record. The district judge, defendant Bruce Gatterman, approved the settlement after polling all of the parties and attorneys. On November 14, 2013, plaintiff's attorney objected to the settlement and filed a motion to set aside the settlement agreement. On December 18, Judge Gatterman denied the motion.

The estate was closed and the land was distributed to plaintiff and his sisters pursuant to the settlement agreement. Plaintiff contends that Judge Gatterman improperly divided the land. Plaintiff further contends that certain leases entered into by his sisters were improper because he was the rightful tenant of that land. However, the settlement agreement stated that plaintiff's tenancy terminated on March 1, 2014.

Bradshaw filed suit against defendants alleging violations under federal criminal statutes 18 U.S.C. §§ 1961 and 1962. The defendants include all of the attorneys in the probate proceedings, with the exception of plaintiff's attorney, the judge, plaintiff's sisters, all

the third parties involved in the real estate transactions after the close of the estate and the individuals involved in plaintiff's 2011 criminal case.

In addition to the federal criminal allegations, plaintiff further alleges violations under federal civil statutes 42 U.S.C. §§ 1981 and 1983. Plaintiff also alleges state law tort claims of abuse of process and tortious interference. Essentially, plaintiff claims that defendants collectively conspired to illegally interfere with his property in his father's probate estate and used Kansas law and judicial proceedings to do so.

Defendants contend that the court lacks subject-matter jurisdiction and further that plaintiff has failed to state a claim under Federal Rules of Civil Procedure 12(b)(6). Defendants variously assert other bases for dispositive relief but, in the interest of brevity, these will not be discussed.

**II.   Analysis**

"[F]ederal courts are courts of limited jurisdiction[] [and] there is a strong presumption against federal jurisdiction." Beams v. Norton, 327 F. Supp. 2d 1323, 1327 (D. Kan. 2004). A party may move for dismissal under Fed. R. Civ. P. 12(b)(1) because the federal court lacks subject-matter jurisdiction. The plaintiff bears the burden to plead adequate facts, not conclusory allegations, that are sufficient to prove jurisdiction. Beams, 327 F. Supp. 2d at 1327 (citing Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has wholly failed to do so.

**Rooker-Feldman Doctrine**

This court lacks jurisdiction to review final judgments from state court proceedings. 28 U.S.C. § 1257(a) provides: "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari ...." This statute has been interpreted to preclude review of final state court proceedings by federal district courts under Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-3 (1983).

> The Rooker-Feldman doctrine "prohibits a lower federal court [both] from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." Kenmen Eng'g v. City of Union, 314 F.3d 468, 473 (10th Cir. 2002) (internal citation and quotations omitted). A claim is inextricably intertwined if "the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress." Id. at 476. A federal case does not involve an "inextricably intertwined" state court judgment if the complaint challenges the constitutionality of the state law, so long as the state court did not address it and the plaintiff does not request the federal court to upset the state court judgment. Id.

Tal v. Hogan, 453 F.3d 1244, 1256 (10th Cir. 2006).[3]

The court finds that the Rooker-Feldman doctrine precludes review of plaintiff's claims arising out of or otherwise related to

---

[3] The court takes judicial notice of the probate proceedings and criminal prosecution in which plaintiff was a defendant. See Tal, 453 F.3d at 1265 n. 24 (noting that the "court may take judicial notice of facts that are a matter of public record"). The fact that various defendants have attached Kansas court documents and judgments does not convert their motions to dismiss into one for summary judgment. Fisher v. Lynch, 531 F. Supp. 2d 1253, 1266 n. 8 (D. Kan. 2008) (citing Erikson v. Farmers Group, Inc., No. 03-6352, 2005 WL 2651312, at *2 (10th Cir. Oct. 18, 2005)).

-4-

the state court proceedings.[4]  Viewed to the outer limits of liberal construction, plaintiff's allegations raise claims that were decided by the Kansas court or are inextricably intertwined with the state judgments.

The state court found that plaintiff voluntarily entered into a settlement agreement.  The court upheld that agreement when plaintiff moved to set it aside.  The land distributions and termination of plaintiff's lease were done in accordance with that settlement agreement.

Plaintiff failed to appeal the probate court judgment and the criminal action.  Any RICO claim or defense that plaintiff might have raised could have been litigated in the Kansas court or on appeal. See Fox v. Maulding, 112 F.3d 453, 458 (10th Cir. 1997).  Plaintiff cannot now collaterally attack the Kansas judgments by filing § 1983 claims in federal court and allege that the parties involved in those proceedings violated his constitutional rights.[5]  Anderson v. State of

---

[4] The allegations concerning plaintiff's criminal charges are confusing, at best.  Plaintiff contends that the criminal charge was based on false statements and used to remove him as an executor. Plaintiff makes no further specific allegations against Michael McNair, Ronald Ridely, Craig Crosswhite and Hodgeman County.  All of the allegations concerning plaintiff's arrest and his removal as executor occurred no later than March 9, 2011.  Plaintiff's initial complaint was filed on March 20, 2015.  Plaintiff's claims are therefore barred by the applicable statute of limitations for the reasons stated in defendants' memorandum.  (Doc. 41 at 10-12).

[5] The court could also sua sponte dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6). Garrett v. Seymour, No. 06-7029, 2007 WL 549388, at *1 (10th Cir. Feb. 23, 2007).  Plaintiff alleges in conclusory fashion that defendants collectively conspired to unfairly and in bad faith take his property in violation of federal constitutional law, federal statutes, and Kansas common law.  At no point in his complaint does plaintiff make clear exactly which defendant did what alleged violation.  "In § 1983 cases, defendants often include the government agency and a number of government actors

Colo., 793 F.2d 262, 263 (10th Cir. 1986) ("It is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review.").

Plaintiff is not challenging the constitutionality of the laws and rules that governed his state proceedings. He simply claims that defendants violated his constitutional rights and in effect, requests this court to upset the Kansas court judgments. As such, the court lacks jurisdiction to review plaintiff's claims. Feldman, 460 U.S. at 486; Tal, 453 F.3d at 1256; Cory v. Fahlstrom, No. 03-3079, 2003 WL 22664680 (10th Cir. Nov. 12, 2003)(affirming dismissal under the Rooker-Feldman Doctrine of the plaintiff's civil rights claims because they were inextricably intertwined with a probate action in state court).

Plaintiff's amended complaint is dismissed because his claims are inextricably intertwined with the Kansas state judgments.

### III. Conclusion

Defendants' motions to dismiss are granted. (Docs. 10, 40, 42, 46, 50, 61, 70, 75, 78, 82, 92). A motion for reconsideration, however styled, will not be considered by the court. Fed. R. Civ. P. 1.

---

sued in their individual capacities. Therefore it is particularly important such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 565-6 n. 10 (2007)).

Moreover, the claims against Judge Gatterman are barred by judicial immunity.

IT IS SO ORDERED.

Dated this __21st__ day of September 2015, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
