**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**July 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

RODNEY R. BRADSHAW,

    Plaintiff - Appellant,

v.

BRUCE GATTERMAN, in his individual and representative capacity; KYLER KNOBBE, in his individual and representative capacity; CHARLES HERD, in his individual and representative capacity; RANDALL HENRY, in his individual and representative capacity; CURTIS CAMPBELL, in his individual and representative capacity; MICHAEL HITZ, in his individual and representative capacity; JANICE BRADSHAW; JOYCE BRADSHAW; CHERYL BUCKNER; CAROL MIDDLETON; PAMELA BELL; DEBRA WEAVER; CORELIA SUE JOHNSON; JOHN AND/OR JANE DOES 1-10; COUNTY OF HODGEMAN, KANSAS; MICHAEL GLEASON; MICHAEL MACNAIR; DOUGLAS COSSMAN; SCOTT MACNAIR; WILBURN BRADSHAW; FORD COUNTY STATE BANK; MARCIA SNODGRASS; ROBERT SCHROEDER; RONALD RIDLEY; BOBBIE BRADSHAW; ELIZABETH SCHROEDER; BARBARA COSSMAN; BRIT SCHROEDER; SCOTT KREGER; CRAIG CROSSWHITE,

    Defendants - Appellees.

No. 15-3246
(D.C. No. 6:15-CV-01086-MLB-GEB)
(D. Kan.)

_____

# ORDER AND JUDGMENT[*]
_____

Before **KELLY**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.
_____

Rodney Bradshaw appeals from the dismissal of myriad claims seeking to overturn a settlement agreement he signed and upon which a state court entered judgment. The *Rooker-Feldman* doctrine bars some of his claims and the remaining one cannot survive the constraints imposed by *Heck v. Humphrey*. We affirm.[1]

This case arises from the probate of the estate of Bradshaw's father, whose will divided his assets equally among eight children, Bradshaw and his seven siblings. There was bad blood among them resulting in a suit contesting the will.[2] During the will contest trial all beneficiaries agreed to settle and the settlement agreement was read into the record in open court on May 23, 2013. The state judge polled all parties to the agreement and, upon their consent, approved the settlement.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Our jurisdiction derives from 28 U.S.C. § 1291.

[2] During probate proceedings, allegations surfaced that Bradshaw improperly managed his father's assets while he was still alive. At one point, Bradshaw was charged with and pleaded guilty to assaulting his sister, and was sentenced to 90 days in jail.

Bradshaw's attorney specifically said the agreement "accurately reflects [his] understanding of the settlement," R. at 150, and Bradshaw himself later signed a written document formalizing the settlement, R. at 262. Nevertheless, on November 14, 2013, Bradshaw objected to the settlement and filed a motion to set aside the settlement agreement, which the state court summarily denied. Bradshaw did not appeal from the order approving the settlement agreement or the denial of his motion to set it aside.

Instead, and more than a year later, on March 20, 2015, Bradshaw brought this suit in federal court. His complaint, as amended, alleged the following causes of action: (1) violations of the Racketeer Influenced and Corrupt Organizations Act (RICO); (2) RICO conspiracy; (3) constitutional violations under 42 U.S.C. §§ 1981 and 1983; (4) abuse of process; and (5) tortious interference. The aggregate of Bradshaw's allegations is that the state judge, his attorneys, his siblings, and various other parties all conspired to deprive him of his rights during the state-court proceedings. On motion brought by every defendant, the district court dismissed Bradshaw's claims for want of jurisdiction. Specifically, and among other things, the court held, "[v]iewed to the outer limits of liberal construction, plaintiff's allegations raise claims that were decided by the Kansas court or are inextricably intertwined with the state judgments," R. at 617, and are thus barred by the *Rooker-Feldman* doctrine, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16 (1923) (prohibiting lower federal courts from considering claims decided by a state court); *D.C. Court of*

3

*Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983) (same for claims inextricably intertwined).

In this appeal, Bradshaw argues that *Rooker-Feldman* does not apply to this case because the doctrine does not bar (1) claims asserting state-court judgments had been obtained by "extrinsic fraud" and (2) "independent action[s]" brought under federal-question jurisdiction. Opening Br. at 3–4. We review the district court's dismissal de novo. *Mann v. Boatright*, 477 F.3d 1140, 1145 (10th Cir. 2007). Because Bradshaw proceeds without the assistance of counsel, we construe his pleadings liberally. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1074–75 (10th Cir. 2004) (footnote omitted). *Rooker-Feldman* "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, "*Rooker-Feldman* bars cases in federal court that are inextricably intertwined with a prior state court judgment." *Johnson v. Riddle*, 305 F.3d 1107, 1116 (10th Cir. 2002) (internal quotation marks omitted).

4

Bradshaw has identified no basis upon which to overturn the dismissal in this case.  His argument that extrinsic fraud can override *Rooker-Feldman* is supported only by authority from another circuit.  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004).  Our precedent goes the other way: "new allegations of fraud might create grounds for appeal . . . [but] that appeal should be brought in the state courts." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).  Presumably realizing the implications of his failure to lodge a timely appeal in state court, Bradshaw tells us he is currently seeking a writ of mandamus from the Kansas Supreme Court.  While ongoing state proceedings are not barred by the *Rooker-Feldman* doctrine, *see Exxon Mobil*, 544 U.S. at 292, Bradshaw's unorthodox approach is not an exception to the finality concerns underpinning the doctrine.  His failure to appropriately seek appellate relief at the state level bars his current allegations of fraud.

Moreover, and despite his arguments to the contrary, his federal claims do not constitute an "independent action" under *Exxon Mobil*.  In that case the Supreme Court narrowed *Rooker-Feldman*, which by then had become so bloated as to absorb parts of the abstention and preclusion doctrines.  *See* 544 U.S. at 292–93.  Bradshaw is correct that the Court held *Rooker-Feldman* inapplicable to a plaintiff presenting an "independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Id*. at 293 (internal quotation marks omitted).  In such a situation, "there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id*.  But Bradshaw's claims

5

are not independent.  Though styled as a suit to redress a byzantine conspiracy perpetrated by his attorneys and the state court, what lies beneath are his requests for "an injunction against any further orders, judgments or rulings" rendered by the state judge, the "return of all lands taken" pursuant to the settlement agreement, and the "return of the $264,000 that was wrongfully taken" under the agreement.  R. at 78.  The requested relief plainly strikes at the state court's judgment, or, at the very least, are inextricably intertwined with it.  The district judge properly dismissed his claims.

Even if his RICO and § 1983 claims were independent, Bradshaw has fallen woefully short of stating a claim even under the most liberal construction of his complaint.  Most notably, the allegations supporting his RICO claims are conclusory and do not describe with any particularity the purported conspiracy other than it existed to remove him as executor of his father's estate.  Additionally, Bradshaw does not even mention the settlement agreement or the fact he signed it.  And to the extent he seeks to recover damages for his allegedly unconstitutional criminal assault conviction, he has not come close to showing the conviction has been invalidated by reversal, expungement, or declaration by either a Kansas court or a federal court on habeas corpus review.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In sum, Bradshaw's federal case is exactly what Justice Ginsburg admonished federal courts not to entertain under *Rooker-Feldman* — he is a state-court loser complaining of injuries caused by a state-court judgment rendered beforehand, and is

inviting review and rejection of the judgment. *See Exxon Mobil*, 544 U.S. at 284. We are without jurisdiction to entertain his claims.

    AFFIRMED.

                                Entered for the Court

                                Terrence L. O'Brien
                                Circuit Judge

**UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT
OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker         July 27, 2016        Chris Wolpert
Clerk of Court                                                                                  Chief Deputy Clerk

To Appellant and Counsel of Record

**RE:**     **15-3246, Bradshaw v. Gatterman, et al**
              Dist/Ag docket: 6:15-CV-01086-MLB-GEB

Dear Appellant and Counsel:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

                                                    Sincerely,

                                                    Elisabeth A. Shumaker
                                                    Clerk of the Court

EAS/klp